UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-320 (JRT/RLE) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER GRANTING 28 U.S.C. § 2255 MOTION |
| JASON JAMES ISAACSON, | |
| Defendant. | |

---

Allison Kim Ethen and Kimberly A. Svendsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Keala C. Ede, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant-Petitioner Jason James Isaacson is serving a 180-month term of imprisonment. Isaacson has filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing: (1) under recent decisions in *Johnson v. United States*, 576 U.S. 591 (2015), *United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017), and *Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019), Isaacson is "actually innocent" of the designation of the enhanced mandatory minimum sentence that he received pursuant to the Armed Career Criminal Act ("ACCA"); and (2) pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Isaacson's felon in possession of a firearm conviction should be set aside. The Court agrees that, under *Johnson* and

- 1 -

*McArthur*, Isaacson no longer qualifies as an armed career criminal and will grant Isaacson's Motion and order his release from custody. However, the Court finds that Isaacson's conviction for being a felon in possession of a firearm should not be vacated because he clearly understood the full implications of his plea of guilty.

## BACKGROUND

On December 3, 2007, Isaacson pleaded guilty to one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1). (Change of Plea, Dec. 3, 2007, Docket No. 36). On May 6, 2008, he was sentenced to a term of 180 months imprisonment with a five-year supervised release. (Sentencing J., May 12, 2008, Docket No. 47.) Although Isaacson's firearm possession charge carried a 120-month maximum sentence, Isaacson was subject to a sentence enhancement under the ACCA. (Pre-Sentencing Report ("PSR") ¶ 19, May 14, 2008; 18 U.S.C. § 924(e)(1).) To be sentenced under the ACCA, Isaacson needed at least three prior convictions for a "violent felony" or a "serious drug offense." *Id.*

Three of Isaacson's prior convictions were listed in the Indictment and Plea Agreement as predicate offenses: Third Degree Minnesota Burglary (1999); Second Degree Attempted Minnesota Burglary (1999); and North Dakota Robbery (2003). (Indictment, Sept. 11, 2007, Docket No. 1; Plea Agreement at 2, PSR ¶ 19.) The Pre-Sentencing Report ("PSR") included those offenses and also noted Isaacson's prior convictions for Second Degree Minnesota Burglary (1996), First Degree Criminal Sexual Conduct (1997), two counts of Sale of Simulated Controlled Substance (1999), and two

counts in North Dakota of a crime called Terrorizing (2003). (PSR ¶ 19.) Isaacson has been in custody since March 2007.

## DISCUSSION

### I. STANDARD OF REVIEW

Section 2255 permits a prisoner to ask the court that sentenced him to "vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

#### A. CAREER OFFENDER ENHANCEMENT

Isaacson asks the Court to vacate his sentence because he argues that he no longer qualifies as an armed career criminal under the ACCA.[1] The parties agree that Isaacson's

---

[1] The parties agree that Isaacson's conviction for sale of a simulated controlled substance is not a serious drug offense pursuant to the ACCA and the United States concedes that Isaacson's

2003 robbery conviction is a violent felony, but dispute whether his burglary charges continue to qualify him as armed career criminal, in light of recent Supreme Court and Court of Appeals decisions.

In 2008, when Isaacson was sentenced, the ACCA specified categories of criminal offenses that qualified as "violent felonies":

> "(i) [a crime that] has as an element the use, attempted use, or threatened use of physical force;
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

*Johnson v. United States*, 576 U.S. 591, 594 (2015) (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis added in opinion). These categories of violent felonies in the ACCA are referred to as the "force" clause (i), the "enumerated" clause (ii—burglary, arson, extortion, explosives), and the "residual" clause (ii—italicized text). *Forrest v. United States*, 934 F.3d 775, 777 (8th Cir. 2019). Convictions for three or more "violent felonies" or "serious drug offenses" extend a defendant's sentence for possession of a firearm by a felon from a statutory maximum of ten years to a mandatory minimum of fifteen years. *See e.g. Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

---

conviction for first degree criminal sexual conduct is a residual clause offense. The United States does not rely on the North Dakota Terrorizing conviction as a predicate offense. Nevertheless, Isaacson argues that North Dakota's statute is categorically broader than the ACCA's force clause and is therefore a residual clause offense. (Resp. at 9, July 15, 2020, Docket No. 58; Mem. Supp. at 16, 28–33, Docket No. 54 (citing N.D. CENT. CODE § 12.1-17-04.))

- 4 -

In 2015, the Supreme Court held in *Johnson v. United States* that the residual clause of the ACCA was unconstitutionally vague and violated the due process guaranty, preserving only the "force" or "enumerated" offenses for ACCA sentencing.  576 U.S. at 606.  The Court later held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In 2018, the Eighth Circuit determined that Minnesota's burglary statute (Minn. Stat. § 609.582) was inconsistent with "general" burglary in the enumerated clause of the ACCA because Minnesota's statute does not require intent as an essential element.  *McArthur*, 850 F.3d at 940.  The Court further reasoned that a defendant has only committed the crime of generic burglary if he has the requisite intent at the moment he "remains in" the building.  *Id.* at 939.

In 2019, the Supreme Court addressed the question of "remaining in" burglary as an ACCA predicate offense.  *Quarles v. United States*, 139 S. Ct. 1872 (2019).  Reviewing the Michigan burglary statute, the Court found that a prior violent felony occurs "when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure[.]"  *Quarles*, 139 S. Ct. at 1880.  The parties do not dispute that *Quarles* abrogated the portion of *McArthur* that determined when requisite intent may be formed for the purposes of committing generic burglary.  However, they do not agree as to the impact of *Quarles* on the Minnesota burglary statute generally.

Although the Eighth Circuit has not yet applied *Quarles* to the Minnesota burglary statute, the Seventh Circuit has, finding that the Minnesota statute—which does not

require intent at any point in the commission of the offense—is overbroad and incommensurate with the general burglary offense in the ACCA. *Chazen v. Marske*, 938 F.3d 851, 859–60 (7th Cir. 2019), citing *Van Cannon v. United States*, 890 F.3d 656, 663–64 (7th Cir. 2018) ("Because the [Minnesota burglary] statute is indivisible, a conviction under it does not count as an ACCA predicate if one of the listed alternatives is broader than generic burglary. That describes this statute.").[2]

The Court is similarly persuaded that Isaacson's convictions under the Minnesota burglary statute are now insufficient grounds for establishing ACCA liability, and that none of Isaacson's other convictions rise to the level of predicate offenses.[3] Accordingly, Isaacson is not an armed career offender and the Court will vacate Isaacson's ACCA sentencing enhancement..

### B. VACATUR BASED ON *REHAIF V. UNITED STATES*

Isaacson also suggests that he is entitled to vacatur based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Court determined that a defendant could only be found guilty of unlawfully possessing a firearm under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) if the defendant knew that they possessed a

---

[2] *See also*, *United States v. Bugh*, Civ. No. 19-2540, 45 F. Supp. 3d 1184 (D. Minn. 2020); *United States v. Raymond*, __ F. Supp. 3d. __, 2020 WL 2769268 (D. Minn. May 28, 2020); *United States v. Boldt*, Crim. No. 09-37, 2020 WL 5407910 (D. Minn. Sept. 9, 2020).

[3] The United States and Petitioner agree that Isaacson's other convictions either fall under the residual clause of the ACCA, and thus are precluded under *Johnson*, or are not considered "serious drug offenses."

firearm **and** knew that they were a felon that had previously been convicted of a crime punishable by imprisonment for more than one year. *Id*. at 2200.

Isaacson argues that his plea was not knowing and intelligent because he was not independently advised of the "knowledge element" of his prohibited status under 18 U.S.C. § 922(g). This argument is unavailing. When Isaacson pleaded guilty to unlawful possession of a firearm, he plead guilty to an offense that—by its very definition— identified him as a convicted felon. Further, the parties agreed that Isaacson had previously been convicted of at least three separate crimes for which he had served more than one year in prison, giving him the requisite knowledge of his criminal status. (Plea Agreement ¶ 2.) Therefore, the Court finds that *Rehaif* is not a basis for vacatur of Isaacson's conviction.

The Court will grant Isaacson's 2255 Motion, eliminate the ACCA sentencing enhancement, and sentence Isaacson to the statutory maximum sentence of 120 months. Since Isaacson has served longer than 120 months, he is entitled to immediate release as ordered below.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket No. 54] is **GRANTED** and he is entitled to immediate release.

2. Judgment in the criminal case is **AMENDED** as follows:

Defendant's sentence is hereby reduced to a term of one hundred-twenty (120) months imprisonment, followed by three (3) years of supervised release;

3. As a condition of supervised release, Defendant shall reside at a probation-approved residence for a period of up to ninety (90) days; and

4. All other terms and conditions of the Court's original sentence shall remain as originally imposed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 9, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court